UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVANGELA BROOKS, On behalf of
herself and others similarly situated,

    Plaintiff,

v.

SEDGWICK CLAIMS MANAGEMENT
SERVICES INC., a Foreign for Profit
Corporation,

    Defendant.
_____/

CASE NO.:

FLSA COLLECTIVE ACTION

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COME NOW Plaintiff, EVANGELA BROOKS, on behalf of herself, and other similarly situated employees ("Plaintiffs"), by and through her undersigned counsel, and sue Defendant, SEDGWICK CLAIMS MANAGEMENT SERVICES INC. ("Defendant" or "Sedgwick"), and in support state as follows:

### Jurisdiction and Venue

1. This is an action for damages by Plaintiff, on behalf of herself and other similarly situated employees, against their employer and/or former employer for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has jurisdiction over Plaintiffs' FLSA claims, pursuant to, 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to Rule 1.02(c) of the Local Rules of the Middle District of Florida. Venue is proper in this District because a substantial part of the events and omissions giving rise to the claims occurred in this District. At all times material to Plaintiffs'

claims, Defendant has conducted substantial, continuous, and systematic commercial activities in this District.

### Parties and Factual Allegations

3. This is an action for damages for violations of the FLSA brought by Plaintiff, and on behalf of, current and former employees of Defendant, as well as other similarly situated employees.

4. Plaintiff, EVANGELA BROOKS has been employed by Defendant from October 2017, through the present, was and is paid a salary, and processed ADA Accommodation claims during the relevant period for this action.

5. Plaintiff, EVANGELA BROOKS, resides in Hillsborough County, Florida, yet reports to and telecommutes to Defendant's Chicago, Illinois location.

6. Similarly situated employees reside throughout the United States and report to Defendant's locations in multiple states, including reporting to the same location as Plaintiff.

7. Plaintiff and those similarly situated are/were employees of Defendant as defined by 29 U.S.C. § 203(e).

8. Plaintiff and those similarly situated are not exempt under any exemption pursuant to 29 U.S.C. § 213.

9. Defendant, SEDGWICK CLAIMS MANAGEMENT SERVICES INC., is a Foreign for-Profit Corporation, operating a business located, among other locations, in Hillsborough County, Florida.

10. Defendant is an enterprise engaged in interstate commerce with annual gross business of $500,000.00 or more.

11. Defendant is/was an employer of Plaintiff and those similarly situated as defined by 29 U.S.C. § 203(d).

12. As used in this pleading, the term "Class" and "Covered positions" refers to all current, former, and future salaried employees who process and/or processed ADA Accommodation claims, and/or any employee who performed substantially the same work as Plaintiff; and who was and/or is employed during the relevant time for this instant action, including any time during which the statute of limitation was or may have been tolled or suspended.

13. At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiff and/or other Covered Employees, and exercised control over the wages, hours, and working conditions of Plaintiff and other Covered Employees.

14. On a frequent basis throughout Plaintiff's employment with Defendant, Plaintiff worked in excess of forty (40) hours per week but were not compensated for all hours worked in excess of forty (40) hours at a rate not less than one-and-one-half times their regular rate of pay.

15. At all relevant times Plaintiff worked in excess of forty (40) hours per week, Defendant was aware of, and suffered or permitted the same.

16. Defendant employs hundreds and/or thousands of similarly situated employees throughout the United States now and during all relevant time periods.

17. Other employees who worked for Defendant throughout the United States, and who are members of the class as defined herein, were subjected to the same and/or similar policies and practices, and have sustained similar losses of compensation.

18. At all relevant times Plaintiff and Covered Employees are, and have been, similarly situated. Plaintiff had substantially similar job requirements and pay provisions, and have been subjected to Defendant's common policies, programs, practices, procedures, protocols, routines,

and rules, including (1) willfully failing and refusing to pay them at the legally required one-and-one-half rate for work in excess of forty (40) hours per week; (2) willfully and inaccurately misclassifying them as exempt from overtime pay, even though Defendant was aware that the Plaintiff were non-exempt and entitled to overtime pay; and, (3) willfully failing to keep records required by the FLSA. The claims of Plaintiff stated herein are essentially the same as those of the other potential Plaintiffs.

19. Plaintiff and those similarly situated employees sustained damages from Defendant's failure to timely pay overtime compensation.

20. Plaintiff has retained LYTLE & BARSZCZ to represent them in this matter and has agreed to pay said firm attorneys' fees and costs for its services.

### COUNT I
### Violation of the Overtime Provisions
### of the Fair Labor Standards Act

21. Plaintiff repeats and incorporates by reference each and every allegation set forth in Paragraphs 1 through 20 above, as if fully set forth herein.

22. Plaintiff is an employee of Defendant as defined by 29 U.S.C. § 203(e).

23. Plaintiff is not exempt under any exemption pursuant to 29 U.S.C. § 213.

24. Defendant is an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

25. Defendant is an enterprise engaged in interstate commerce with annual gross business of $500,000.00 or more.

26. During the relevant statutory period, Plaintiff and other similarly situated employees regularly worked in excess of forty (40) hours per week.

27. Defendant failed to pay Plaintiff the required overtime rate, one-and-one-half times their regular rate, for all hours worked in excess of forty (40) hours per week.

28. Defendant willfully failed to keep proper records of all hours worked by Plaintiff as required by 29 U.S.C. § 211(c), even though Plaintiff is and/or was entitled to overtime compensation.

29. Defendant's failure to pay the required overtime rate was willful and/or the result of a common policy or plan that Plaintiff and all similarly situated employees were subjected to, which resulted in Plaintiff and similarly situated employees not being paid one-and-one-half times their regular rate for all hours worked in excess of forty (40) hours per week.

30. Due to Defendant's willful violation of the FLSA a three (3) year statute of limitation applies.

31. As a result of Defendant's violations of the FLSA, Plaintiff and other similarly situated employees have suffered damages.

32. Plaintiff has retained LYTLE & BARSZCZ to represent them in this matter and has agreed to pay said firm attorneys' fees for its services.

**WHEREFORE,** Plaintiff, on behalf of herself and other similarly situated employees, demand judgment against Defendant for the following:

A. Certification of this action as a collective action brought pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as representative of the FLSA Collective Action;

C. That the Plaintiff be allowed to give notice of this collective action, or that this Court issue such notice at the earliest possible time; to all past and present similarly situated employees employed by Defendant at any time during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice;

D. That all past and present members of the Class be informed of the nature of this collective action, and similarly situated employee's right to join this lawsuit if they believe that they were or are misclassified as an exempt employee;

E. Equitable tolling of the statute of limitations for all potential opt in Plaintiffs from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. § 216(b);

F. That the Court enjoin Defendant pursuant to 29 U.S.C. § 217 of the FLSA from withholding future payment of overtime compensation owed to members of the Class;

G. Unpaid overtime proven to be due and owing;

H. An additional amount equal to unpaid overtime proven to be due and owing in liquidated damages;

I. Pre- and post-judgment interest as allowed by law;

J. Attorneys' fees and costs; and

K. Such other relief as the Court finds just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demand a jury trial on all issues so triable.

Respectfully submitted this 29th day of April, 2020

*/s/ Mary E. Lytle*
Mary E. Lytle, Esq.
Florida Bar No. 0007950
David V. Barszcz, Esq.
Florida Bar No. 0750581
**LYTLE & BARSZCZ, P.A.**
533 Versailles Drive
Second Floor
Maitland, Florida 32751
Telephone: (407) 622-6544

6

Facsimile: (407) 622-6545
mlytle@lblaw.attorney
dbarszcz@lblaw.attorney
**Counsel for Plaintiff**